### B. Inability of a Chapter 7 debtor to strip off a valueless second mortgage

The Allmans contend that Irvin's junior lien is unsecured and thus may be avoided or "stripped off" pursuant to 11 U.S.C. § 506(d). For the reasons set forth in this court's decision in *In re Talbert,* filed on September 24, 2003, the Allman's claim is without merit. The *Talbert* opinion engages in a thorough analysis of the relevant legal principles and holds that "a Chapter 7 debtor may not use 11 U.S.C. § 506 to 'strip off' an allowed junior lien where the senior lien exceeds the fair market value of the real property." 2003 WL 22187986, at *6. *In re Talbert* is binding precedent on this panel, and, moreover, we fully agree with its rationale and conclusion. Because the Irvin junior lien was indisputably an allowed claim in the bankruptcy proceeding, it may not be avoided pursuant to 11 U.S.C. § 506(d).

### III. CONCLUSION

We therefore **AFFIRM** the decision of the district court granting summary judgment for Irvin.

**LA–VAN HAWKINS URBAN CITY FOODS et al., Plaintiffs,**

**La–Van Hawkins, Plaintiff–Appellee/Cross–Appellant,**

**Norman A. Yatooma, Movant–Appellant/Cross–Appellee,**

v.

**BURGER KING CORPORATION, Defendant.**

**Nos. 01–2678, 01–2737.**

United States Court of Appeals, Sixth Circuit.

Oct. 1, 2003.

Before: MOORE and GILMAN, Circuit Judges, and MILLS,* District Judge.

### OPINION

MOORE, Circuit Judge.

Attorney Norman Yatooma appeals the district court's judgment in his favor, claiming the court below improperly computed the amount of attorney fees due to him from plaintiff La–Van Hawkins and erred in refusing to sanction Hawkins under Rules 11 and 37 of the Federal Rules

---

* The Honorable Richard Mills, United States District Judge for the Central District of Illi- nois, sitting by designation.

of Civil Procedure. Hawkins cross-appeals, arguing that the district court improperly granted Yatooma attorney fees, alleging various ethical violations by Yatooma. For the reasons that follow, we **AFFIRM** the judgment of the district court.

Yatooma represented Hawkins in the latter's litigation against Burger King Corp., first as an associate in the law firm of Butzel Long beginning in April 2000, and then as a solo practitioner. after Yatooma had left Butzel Long to work for Hawkins in July 2000. At that time. Yatooma and Hawkins signed an agreement setting out the fee schedule: a $50,000 retainer, an hourly rate of $210, and a 15% contingency fee, plus costs. The lawsuit against Burger King was dismissed by the district court in early December 2000, and in late December Hawkins terminated Yatooma. After the termination, settlement negotiations between Hawkins and Burger King, with which Yatooma had been only peripherally involved, bore fruit, and Hawkins received a $14.4 million settlement from Burger King on December 30. Hawkins paid Yatooma only $37,500 in legal fees for his work on the litigation during the second half of 2000, and Yatooma filed a motion for additional fees on a theory of quantum meruit. The district court awarded Yatooma $146,145 (624.5 hours of work at $210 per hour, plus $15,000 for costs), reduced by the $37,500 already paid to Yatooma by Hawkins.

Hawkins alleges a number of ethical violations that he claims justify denial of Yatooma's request for fees. These are outlined in the district court opinion, and for the reasons therein, we agree that no relevant ethical violations stand in the way of Yatooma collecting fees. Yatooma, in turn, alleges a number of ethical violations on the part of Hawkins; again, for the reasons stated in the district court opinion, we do not believe any of these rise to a level demanding sanctions. Finally, Yatooma alleges that the district court erred in its quantum meruit calculation by refusing to include some portion of the settlement from Burger King, to which he claims the contingency-fee arrangement entitled him. We do not believe that the district court erred in refusing to award a portion of the settlement as a contingency fee to Yatooma, for the reasons stated within the district court's opinion.

We have carefully reviewed the briefs submitted by the parties and the record of the proceedings below, and we have studied the district court opinion and considered the points made by the parties in oral argument. We agree entirely with the reasoning and the result reached in the district court's opinion. For the foregoing reasons, we **AFFIRM** the judgment of the district court.